IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| PAMELA MICHELLE WILKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 121-186 |
| ) | |
| ROBIN E. JACKSON; DWIGHT ) | |
| WILLIAMS; SARAH GOOD-HOSEY; ) | |
| ANGELA MYERS; and DENIS ) | |
| McDONOUGH, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.   **SCREENING OF THE COMPLAINT**

A.   **BACKGROUND**

Plaintiff names as Defendants (1) Robin E. Jackson, Ph.D., Director of the Charlie Norwood VA Medical Center; (2) Dwight Williams, EEO Specialist; (3) Sarah Good-Hosey, EEO Specialist; (4) Angela Myers, Plaintiff's supervisor; and (5) Denis McDonough, Secretary of

Veterans Affairs. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff suffers from high blood pressure, arthritis, carpel tunnel syndrome, lower back problems, and ankle, knee, and foot pain. (Doc. no. 1, pp. 4, 13.) While Plaintiff was an employee at the Charlie Norwood VA Medical Center, Defendants did not make reasonable accommodations for her medical conditions and disregarded her doctor's statements concerning which duties she could and could not perform. (Id. at 5.) Generally, Defendants only considered Plaintiff's new health problems, failed to consider her preexisting health problems, and showed favoritism to other employees. (Id. at 6.)

On September 5, 2018, Defendant Jackson issued an Order to Return to Duty directing Plaintiff to perform a job that did not accommodate her disabilities. (Id. at 5.) Defendant Jackson had "no concern how this position . . . would cause [her] physical and mental harm." (Id.) Defendant Myers, who was aware of Defendant's health problems, agreed with Defendant Jackson's decision and told Plaintiff she expected Plaintiff to "perform adequately" in the job. (Id.)

Plaintiff made accommodation requests by email to Defendant Williams from October 1, 2018 to October 4, 2018, but she did not receive a response from Defendant Williams. (Id. at 5.) By October 4, 2018, Plaintiff submitted medical documentation relating to her disability to Defendant Good-Hosey, but Defendant Good-Hosey disregarded statements from Plaintiff's doctor regarding which work duties would be reasonable or accommodating based on Plaintiff's medical conditions. (Id.) Defendant Good-Hosey also "refuse[d] to engage in the interactive process" to address Plaintiff's disability. (Id.)

On December 20, 2018, Plaintiff's attorney filed a complaint with the Equal Employment Opportunity Commission, (id. at 24), and Plaintiff left her job at the Charlie Norwood VA Medical Center in April 2019.  (See doc. no. 2, p. 2).  The EEOC dismissed her administrative complaint on September 27, 2021, and Plaintiff received a Notice of Right to Sue letter on November 29, 2021. (Doc. no. 1, pp. 6, 24.)  Plaintiff asserts claims under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-79, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117.  (Doc. no. 1, p. 3.)  For relief, Plaintiff requests $200,000 in compensatory damages.  (Id. at 7.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> **2. Plaintiff Fails to State a Claim Against Defendants Jackson, Williams, Good-Hosey, and Myers Because There is No Individual Capacity Liability Under the Rehabilitation Act and the ADA**

The relief granted under the Rehabilitation Act and the ADA is against the employer, not individual employees who purportedly violate the Act. See, e.g. Badillo v. Thorpe, 158 F. App'x 208, 211 (11th Cir. 2005) (holding there is no individual capacity liability under ADA or Rehabilitation Act). Thus, individual capacity suits under the Rehabilitation Act and the ADA are inappropriate, and the only proper defendant is the employer or supervisory employees in their

4

official capacities as agents of the employer.  See Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).  As Secretary of Veterans Affairs and Plaintiff's employer, Defendant McDonough is the only proper defendant in this case.  Thus, Plaintiff's Rehabilitation Act and ADA claims against Defendants Jackson, Williams, Good-Hosey, and Myers should be dismissed.  See Idahosa v. Shoemaker, 4:19-CV-50, 2019 WL 3400669, at *3 (M.D. Ga. July 26, 2019) (dismissing all defendants except Secretary of the Army) (citing Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007)).

### 3. Plaintiff Fails to State a Claim Under the ADA

Plaintiff states she is suing Defendants under the Rehabilitation Act, 29 U.S.C. §§ 701-79, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112.  While claims under the Rehabilitation Act and the ADA are governed by the same standards, Congress has not waived sovereign immunity for ADA claims against the federal government.  See Govan v. Principi, 1:04-CV-1569-CAM, 2005 WL 8155548, at *7 (N.D. Ga. Oct. 25, 2005), *adopted by* 2006 WL 8432873 (N.D. Ga. Feb. 1, 2006); see also Dickerson v. Sec'y, Dep't of Veterans Affs. Agency, 489 F. App'x 358, 360, n.2 (11th Cir. 2012);   Accordingly, this Court has "no subject matter jurisdiction over an ADA claim against the federal government."  Farid v. Brennan, 4:17-CV-456, 2018 WL 7347625, at *1 (N.D. Fla. July 12, 2018); Parker v. Esper, 3:19-CV-126, 2020 WL 4480863, at *4 (N.D. Fla. Apr. 17, 2020), (Rehabilitation Act is exclusive remedy for federal employees), *adopted by* 2020 WL 4480739 (N.D. Fla. Aug. 4, 2020).  Plaintiff's ADA claims should be dismissed.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims under the ADA be dismissed for lack of subject-matter jurisdiction and Defendants Jackson, Williams, Good-Hosey, and Myers be dismissed from this case. In a companion Order, the Court has allowed to proceed Plaintiff's Rehabilitation Act claim against Defendant McDonough.

SO REPORTED and RECOMMENDED this 11th day of January, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA